Hash, 0. J.
 

 The question arises nnder the will of John Porter made in 1818. He therein gives to his daughter, Mary Porter, certain property, among which is a negro woman named Eliza. This item closes as follows : “ and in case the said Mary Porter should die without issue, then and in that case, it is my will that the above named negro girl and her issue, he divided between my six sons, namely, Hugh, Alexander, John, Robert, Joseph and James, or the survivors of them, share and share alike.” The bill is filed to restrain the defendant from carrying out of the State, negroes embraced in the clause set forth. To the bill the defendant has demurred. The demurrer raises the question, what estate did Mary Porter derive, under the will of John Porter, in the negro Eliza ? "We are of opinion that the legacy to her is an absolute one, and, upon her marriage with John Montgomery, vested in him by virtue of his marital rights. Tire limitation over is too remote.
 

 It is a general rule of the common law, that a limitation over, after an indefinite failure of issue, is too remote and the limitation void: because it cannot be said that an indefinite failure of issue will occur within a life or lives in being and twenty-one years after: The general rule however, will be controlled by the intention of the testator, if from the context, it can be plainly seen, that he used the words in the restricted sense, of issue living at the death of the taker of the first estate.
 

 A work written by Mr. Keyes, of Alabama, on chattels, has recently made its appearance at our bar, where all the doctrine upon this subject is stated and the various cases are lucidly arranged and commented on. At page 138, he arranges, into four classes, the cases in which the general rule is controlled by the intention of the testator. The first is, where the failure of issue is combined with an event personal to the donee; as dying without issue and
 
 unmarried.
 
 The second,
 
 *198
 
 where words or phrases are used in the context, which, of themselves, restrict the failure within the prescribed limit. The third class, is where the subject of the gift, necessarily precludes the idea, that any other hut a restricted failure, was intended by the donor. The fourth is, where a restriction is raised from the nature of the estate given over by the limitation.
 

 Under these various classes, are arranged the different cases cited by him. This writer, under the second class, observes, that a bequest over to the survivor of
 
 two
 
 persons, after the death of one of them without issue, furnishes the presumption that the testator used the words in their, limited sense, and the limitation is not too remote, for it will be intended that the survivor was meant, individually and personally, to enjoy the legacy.
 

 Here the bequest is to Mary Porter, and if
 
 she
 
 die without issue, then over to his six sons. No one of the sons takes any interest in the slave, in the first instance, and the legacy is strictly to a dying without issue of Mary Porter, which the common law declares too remote. The time of her death is uncertain, and she may live many years. We see nothing in the context of this legacy to show that the testator did intend it in the restricted sense.
 

 We are of opinion that the limitation over is too remote, and that Mary Porter took an absolute estate in the negro Eliza, which passed to her husband. In the judgment of the Court below there is error.
 

 Pee Cübiam. The demurrer is sustained and the bill is dismissed with costs.